UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MCI COMMUNICATIONS SERVICES, INC., d/b/a VERIZON BUSINESS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>URBAN FOUNDATION COMPANY, INC.,<br><br>　　　　Defendant. | Civil Action No. 08 cv 0003<br><br>**COMPLAINT** |



Plaintiff MCI Communications Services, Inc., d/b/a Verizon Business ("VzB") states the following as and for its Complaint against Defendant Urban Foundation Company, Inc. ("Urban"):

## JURISDICTION AND VENUE

1.　Plaintiff VzB is a Delaware corporation with its principal place of business in Richardson, Texas.

2.　Upon information and belief, Defendant Urban is a New York corporation with its principal place of business in East Elmhurst, New York.

3.　The matter in controversy, exclusive of interest and costs, exceeds $75,000.00. Diversity of citizenship exists and this Court therefore has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

4.　The actions and omissions giving rise to this action occurred in this district. Venue is therefore proper pursuant to 28 U.S.C. § 1391(a), (c).

## BACKGROUND INFORMATION

5.　VzB is a telecommunications company which provides interstate telecommunications services to individual and commercial users. These telecommunications

services are provided through, among other means, nationwide networks of fiber optic cables, which are buried underground.

6. By agreement with Empire City Subway ("ECS"), VzB possesses the rights to install and operate fiber optic cables in a duct system owned by ECS. By virtue of this agreement, VzB is entitled to undisturbed possession of these rights. In accordance with its agreement with ECS, VzB has installed and operates fiber optic cables in ECS' duct system in New York City.

## FIRST CAUSE OF ACTION
### (Trespass)

7. VzB repeats and realleges each and every allegation contained in paragraphs 1-6 above as if fully set forth at length herein.

8. Upon information and belief, on May 17, 2007, Urban was, without VzB's knowledge or consent, and against VzB's will, driving I-beams into the ground at or near the east side of Third Avenue between East 6th Street and East 7th Street in New York City.

9. Upon information and belief, on May 17, 2007, without VzB's knowledge or consent, and against VzB's will, Urban severed VzB's cables while driving I-beams into the ground as described in paragraph 8 above.

10. As a result of Urban's actions, VzB sustained disturbance to its right of use or servitude, and damage to and the loss of the use of its cables which have resulted in actual damages to VzB, including, but not limited to the costs of repairs and the loss of the use of the cables.

11. Urban's actions were intentional, grossly negligent and/or reckless and exhibited a willful and wanton disregard of VzB's rights and a conscious indifference to the consequences.

#1256558 v1
057079-61699

## SECOND CAUSE OF ACTION
(Negligence)

12. VzB repeats and realleges each and every allegation contained in paragraphs 1-11 above as if fully set forth at length herein.

13. Upon information and belief, Urban acted negligently in driving the I-beams into the ground on or about May 17, 2007. This negligent conduct included, but is not limited to the following:

    (a) Failing to provide notice of the location and date of its planned work to the New York one-call notification system as required by N.Y. Comp. Codes R. & Regs. Tit. 16, § 753-3.1(a)(1);

    (b) Failing to take all reasonable precautions to prevent contact or damage to VzB's cables as required by N.Y. Comp. Codes R. & Regs. Tit. 16, § 753-3.10(a);

    (c) Failing to maintain clearance between VzB's cables and the cutting edge or point of the I-beams to avoid damage to VzB's cables as required by N.Y. Gen. Bus. Law § 764;

    (d) Failing to make arrangements to have representatives of VzB present during the work;

    (e) Failing to train their employees involved with the excavation with respect to the applicable statutes, regulations and industry standards regarding excavation in the area of underground utilities, including, but not limited to, the provisions of Title 15, Part 753, Protection of Underground Facilities, as required by N.Y. Comp. Codes R. & Regs. Tit. 16, § 753-3.15;

    (f) Failing to adequately supervise their employees and ensure they complied with all applicable statutes, regulations and industry standards regarding excavation in the area of underground utilities, including, but not limited to, the provisions of Title 15, Part 753, Protection of Underground Facilities, as required by N.Y. Comp. Codes R. & Regs. Tit. 16, § 753-3.15;

    (g) Failing to adhere to all applicable federal and state statutes and regulations and all applicable industry standards and guidelines as they relate to the protection of underground utilities.

#1256558 v1
057079-61699

14. As a result of Urban's actions and/or omissions, VzB has sustained damage to and the loss of the use of its cables which has resulted in actual damages to VzB, including, but not limited to costs of repair of the cables and the loss of the use of the cables.

15. Urban's actions were intentional, grossly negligent and/or reckless, and exhibited a wanton disregard of VzB's rights and a conscious indifference to the consequences.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff VzB respectfully requests that final judgment be entered in its favor and against Defendant Urban in an amount in excess of $75,000.00, together with pre-judgment and post-judgment interest, as follows:

A. Awarding Plaintiff VzB full compensatory damages;

B. Awarding Plaintiff VzB punitive damages in an amount deemed sufficient to punish Defendant Urban for its actions;

D. Awarding Plaintiff VzB interest and costs of Court;

E. Awarding Plaintiff VzB all other and further relief as this Court deems just and proper.


Dated:     New York, New York
           January 3, 2008

                                        Respectfully submitted,

                                        _____
                                        Lisa Lombardo [LL-2532]
                                        **GIBBONS PC**
                                        One Pennsylvania Plaza, 37th Floor
                                        New York, NY 10119-3701
                                        Telephone (212) 613-2000
                                        Facsimile (212) 333-5980

                                        and

#1256558 v1
057079-61699

          James J. Proszek, *Pro Hac Vice* pending
          Kimberly R. Schutz, *Pro Hac Vice* pending
          **HALL, ESTILL, HARDWICK, GABLE,**
          **GOLDEN & NELSON, P.C.**
          320 South Boston Avenue, Suite 400
          Tulsa, OK 74103-3708
          Telephone (918) 594-0400
          Facsimile (918) 594-0505

          **ATTORNEYS FOR PLAINTIFFS**
          **MCI COMMUNICATIONS SERVICES,**
          **INC., d/b/a VERIZON BUSINESS**

800327.1:915100:01426