UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MCI COMMUNICATIONS SERVICES, INC., d/b/a VERIZON BUSINESS,<br><br>Plaintiffs,<br><br>v.<br><br>URBAN FOUNDATIONS, INC. and JET-DRIVE GENERAL MARINE CONTRACTING CO. INC.,<br><br>Defendants. | Civil Action No. 1:08-cv-00036-JSR<br><br>**AMENDED COMPLAINT**<br><br> |

Plaintiff MCI Communications Services, Inc., d/b/a Verizon Business ("VzB") states the following as and for its Complaint against Defendants Urban Foundations, Inc. ("Urban") and Jet-Drive General Marine Contracting Co. Inc. ("Jet-Drive"):

## JURISDICTION AND VENUE

1. Plaintiff VzB is a Delaware corporation with its principal place of business in Richardson, Texas.

2. Upon information and belief, Defendant Urban is a New York corporation with its principal place of business in East Elmhurst, New York.

3. Upon information and belief, Defendant Jet-Drive is a New York corporation with its principal place of business in Oceanside, New York.

4. The matter in controversy, exclusive of interest and costs, exceeds $75,000.00. Complete diversity of citizenship between Defendants, Urban and Jet-Drive, and Plaintiff, VzB, exists and this Court therefore has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

5. The actions and omissions giving rise to this action occurred in this district. Venue is therefore proper pursuant to 28 U.S.C. § 1391(a), (c).

## BACKGROUND INFORMATION

6. VzB is a telecommunications company which provides interstate telecommunications services to individual and commercial users. These telecommunications services are provided through, among other means, nationwide networks of fiber optic cables, which are buried underground.

7. By agreement with Empire City Subway ("ECS"), VzB possesses the rights to install and operate fiber optic cables in a duct system owned by ECS. By virtue of this agreement, VzB is entitled to undisturbed possession of these rights. In accordance with its agreement with ECS, VzB has installed and operates fiber optic cables in ECS' duct system in New York City.

## FIRST CAUSE OF ACTION

8. VzB repeats and realleges each and every allegation contained in paragraphs 1-7 above as if fully set forth at length herein.

9. Upon information and belief, on May 17, 2007, Jet-Drive was, without VzB's knowledge or consent, and against VzB's will, driving I-beams into the ground at or near the east side of Third Avenue between East 6th Street and East 7th Street in New York City. Upon information and belief, Jet-Drive was performing this work for, and under the direction of, Urban.

10. Upon information and belief, on May 17, 2007, without VzB's knowledge or consent, and against VzB's will, Jet-Drive severed VzB's cables while driving I-beams into the ground as described in paragraph 8 above.

#1299120 v1
057079-61699

11. As a result of Urban and Jet-Drive's actions, VzB sustained disturbance to its right of use or servitude, and damage to and the loss of the use of its cables which have resulted in actual damages to VzB, including, but not limited to the costs of repairs and the loss of the use of the cables.

12. Urban and Jet-Drive's actions were intentional, grossly negligent and/or reckless and exhibited a willful and wanton disregard of VzB's rights and a conscious indifference to the consequences.

## SECOND CAUSE OF ACTION

13. VzB repeats and realleges each and every allegation contained in paragraphs 1-12 above as if fully set forth at length herein.

14. Upon information and belief, Jet-Drive acted negligently on or about May 17, 2007. This negligent conduct included, but is not limited to the following:

(a) Failing to provide notice of the location and date of its planned work to the New York one-call notification system as required by N.Y. Comp. Codes R. & Regs. Tit. 16, § 753-3.1(a)(1);

(b) Failing to take all reasonable precautions to prevent contact or damage to VzB's cables as required by N.Y. Comp. Codes R. & Regs. Tit. 16, § 753-3.10(a);

(c) Failing to maintain clearance between VzB's cables and the cutting edge or point of the I-beams to avoid damage to VzB's cables as required by N.Y. Gen. Bus. Law § 764;

(d) Failing to make arrangements to have representatives of VzB present during the work;

(e) Failing to train its employees involved with the excavation with respect to the applicable statutes, regulations and industry standards regarding excavation in the area of underground utilities, including, but not limited to, the provisions of Title 15, Part 753, Protection of Underground Facilities, as required by N.Y. Comp. Codes R. & Regs. Tit. 16, § 753-3.15;

#1299120 v1
057079-61699

(f) Failing to adequately supervise its employees and ensure they complied with all applicable statutes, regulations and industry standards regarding excavation in the area of underground utilities, including, but not limited to, the provisions of Title 15, Part 753, Protection of Underground Facilities, as required by N.Y. Comp. Codes R. & Regs. Tit. 16, § 753-3.15;

(g) Failing to adhere to all applicable federal and state statutes and regulations and all applicable industry standards and guidelines as they relate to the protection of underground utilities.

15. Upon information and belief, Urban acted negligently on or about May 17, 2007. This negligent conduct included, but is not limited to the following:

(a) Failing to provide, and/or to ensure that Jet-Drive provided, notice of the location and date of Jet-Drive's planned work to the New York one-call notification system as required by N.Y. Comp. Codes R. & Regs. Tit. 16, § 753-3.1(a)(1);

(b) Failing to take, and/or to ensure that Jet-Drive took, all reasonable precautions to prevent contact or damage to VzB's cables as required by N.Y. Comp. Codes R. & Regs. Tit. 16, § 753-3.10(a);

(c) Failing to maintain, and/or to ensure that Jet-Drive maintained, clearance between VzB's cables and the cutting edge or point of the I-beams to avoid damage to VzB's cables as required by N.Y. Gen. Bus. Law § 764;

(d) Failing to make, and/or to ensure that Jet-Drive made, arrangements to have representatives of VzB present during the work;

(e) Failing to train, and/or to ensure that Jet-Drive trained, their agents or employees involved with the excavation with respect to the applicable statutes, regulations and industry standards regarding excavation in the area of underground utilities, including, but not limited to, the provisions of Title 15, Part 753, Protection of Underground Facilities, as required by N.Y. Comp. Codes R. & Regs. Tit. 16, § 753-3.15;

(f) Failing to adequately supervise its own agents and employees and Jet-Drive and its agents and employees and to ensure they complied with all applicable statutes, regulations and industry standards regarding excavation in the area of underground utilities, including, but not limited to, the provisions of Title 15, Part 753, Protection of Underground Facilities, as required by N.Y. Comp. Codes R. & Regs. Tit. 16, § 753-3.15;

(g) Failing to adhere, and/or to ensure that Jet-Drive adhered, to all applicable federal and state statutes and regulations and all applicable industry

#1299120 v1
057079-61699

standards and guidelines as they relate to the protection of underground utilities.

16. As a result of Urban and Jet-Drive's actions and/or omissions, VzB has sustained damage to and the loss of the use of its cables which has resulted in actual damages to VzB, including, but not limited to costs of repair of the cables and the loss of the use of the cables.

17. Urban and Jet-Drive's actions were intentional, grossly negligent and/or reckless, and exhibited a wanton disregard of VzB's rights and a conscious indifference to the consequences.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff VzB respectfully requests that final judgment be entered in its favor and against Defendants Urban and Jet-Drive in an amount in excess of $75,000.00, together with pre-judgment and post-judgment interest, as follows:

A. Awarding Plaintiff VzB full compensatory damages;

B. Awarding Plaintiff VzB punitive damages in an amount deemed sufficient to punish Defendants Urban and Jet-Drive for their actions;

D. Awarding Plaintiff VzB interest and costs of Court;

E. Awarding Plaintiff VzB all other and further relief as this Court deems just and proper.


Dated:   New York, New York
         April 14, 2008

#1299120 v1
057079-61699

Respectfully submitted,

*Lisa Lombardo* [LL-2532]
**GIBBONS PC**
One Pennsylvania Plaza, 37th Floor
New York, NY 10119-3701
Telephone (212) 613-2000
Facsimile (212) 333-5980

And

James J. Proszek, *Pro Hac Vice*
Kimberly R. Schutz, *Pro Hac Vice*
**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**
320 South Boston Avenue, Suite 200
Tulsa, OK 74103-3706
Telephone (918) 594-0400
Facsimile (918) 594-0505

**ATTORNEYS FOR PLAINTIFFS
MCI COMMUNICATIONS SERVICES,
INC., d/b/a VERIZON BUSINESS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of April, 2008, a copy of the foregoing was mailed, postage prepaid to the following:

Marc Silverstein
The Law Offices of Edward Garfinkel
110 William Street
17th Floor
New York, NY 10038

The defendant, Jet-Drive General Marine Contracting Co. Inc., will be served by summons.

*Lisa Lombardo*

843055.1:915100:01426

#1299120 v1
057079-61699